IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07-CR-492 |
| | ) | The Honorable T.S. Ellis, III |
| TONY WEBSTER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO REDUCE SENTENCE
PURSUANT TO TITLE 18 U.S.C. § 3582(c)**

COMES NOW the Defendant, Tony Webster, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 80 months to time served, effective November 1, 2011. The government does not oppose this motion.

**PROCEDURAL BACKGROUND**

On December 20, 2007, Mr. Webster pled guilty, in accordance with the terms of a plea agreement, to one count of conspiracy to distribute 50 grams or more of cocaine base in violation of Title 21, U.S.C. §§ 841(a)(1) and 846. The Court accepted the plea and continued the matter for sentencing. On March 7, 2008, the Court sentenced Mr. Webster to 151 months of incarceration. On March 25, 2011, the Court reduced Mr. Webster's sentence to 80 months. Pursuant to the recent changes to the crack guideline, the Defendant now requests that the Court reduce his sentence to time served.

## ARGUMENT

Effective April 28, 2011, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to lower the offense levels and marijuana equivalencies for crack cocaine quantities. *See* U.S.S.G. App. C amend. 750. On June 30, 2011, the Commission unanimously voted to make this amendment retroactive as of November 1, 2011. Under U.S.S.G. § 1B1.10, Mr. Webster is eligible for relief under the amended advisory guideline range. Pursuant to 18 U.S.C. § 3582(c), this Court has the authority to reduce Mr. Webster's sentence.

A.   **The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce Mr. Webster's Sentence.**

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As discussed below, the Sentencing Commission has lowered the range applicable to Mr. Webster's sentence. Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce his sentence.

B.   **Mr. Webster is Eligible for Relief under U.S.S.G. § 1B1.10.**

Newly amended U.S.S.G. § 1B1.10 states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Amendment 750 is listed in subsection (c). *See* U.S.S.G. § 1B1.10(c).

The advisory guideline range applicable to Mr. Webster's sentence has been lowered. Specifically, retroactive application of the amendment to the crack cocaine guideline changes the applicable offense level and corresponding advisory guideline range as follows:

| **Guideline Calculation** | | |
|---|---|---|
| Crack Quantity: 150 to 500 grams of cocaine base[1] | | |
| | **Sentencing** | **Amendment 750** |
| Date: | Mar. 7, 2008 | |
| Base Offense Level: | 32 | 28 |
| Role Enhancement: | +2 | +2 |
| Acceptance of Responsibility: | –3 | –3 |
| Adjusted Offense Level: | 31 | 27 |
| Criminal History Category: | Category IV | Category IV |
| Guideline Range: | 151-188 months | [120]-125 months |
| Sentence Imposed: | 151 months | |

The Court originally imposed a sentence of 151 months, which fell at the low-end of the guideline range. Subsequently, the Court reduced Mr. Webster's sentence to 80 months.[2] Because the advisory guideline range applicable to Mr. Webster has been lowered further, U.S.S.G. § 1B1.10 provides that he is eligible for another reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c).

Taking into account the mandatory minimum applicable in his case, Mr. Webster's amended guideline range is 120-125 months. A reduction at the same point of the amended guideline range as his original sentence would yield a sentence of 120 months. Application of §1B1.10(b)(2)(B) results in a proportionately reduced sentence of 64 months — a 16-month reduction. According to the Federal Bureau of Prisons, Mr. Webster's current projected release date is September 12, 2012. Because such a reduction would result in a release date sooner than the amendment's effective date of November 1, 2011, Mr. Webster respectfully requests a sentence of time served as of November 1, 2011.

---

[1] *See* Pre-Sentence Report, ¶ 77.

[2] *See* Court Order, filed under seal (Docket No. 104).

A reduction to Mr. Webster's sentence is consistent with the policy statements in U.S.S.G. § 1B1.10. First, the exclusions in §1B1.10(a)(2)—prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's sentence—do not apply to Mr. Webster. As noted above, Amendment 750 has been made retroactive and would lower his sentence. Second, while §1B1.10(b)(2)(A) prohibits sentence reductions below the amended advisory guideline range, Mr. Webster falls within the exception carved out by §1B1.10(b)(2)(B), as noted above. Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii). As discussed in more detail below, a sentence reduction to time served is consistent with these considerations.

Based upon the foregoing, Mr. Webster is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement. Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to time served for the following reasons.

### C. The Court Should Reduce Mr. Webster's Sentence to Time Served.

The Court should sentence Mr. Webster to time served because he poses no threat to public safety and because of his post-sentencing rehabilitation efforts. His behavior and actions in prison demonstrate a commitment to self-improvement and a desire to be a productive member of society upon release. Mr. Webster is currently working towards a G.E.D., having completed over three hundred hours of G.E.D. coursework thus far. He has also completed a twenty-hour business course in preparation for reentering the work force. Mr. Webster has five young children, ranging from five to fourteen years old. In anticipation of being reunited with them, he has successfully completed a twelve-hour parenting course. His efforts to improve his health can be seen in his completion of a forty-hour drug abuse education class and current participation in the Residential Drug Abuse Program (RDAP). Mr. Webster was baptized while in prison, and

now regularly attends church.  *See* Appendix A.  Upon release, Mr. Webster plans to live with his mother in Bealeton, Virginia, and get a job in masonry.  As his post-sentencing behavior suggests, Mr. Webster not only poses no threat to public safety, he is utilizing the resources at his disposal to equip himself with the educational and personal tools that will enable him, upon his release, to be financially independent, productive, and healthy when he re-enters society.

For these reasons, the Defendant respectfully requests that the Court enter the proposed Order attached hereto and reduce his sentence to time served effective November 1, 2011.

Respectfully submitted,
TONY WEBSTER

By Counsel
Michael S. Nachmanoff,
Federal Public Defender


_____/s/_____
Gul Raza Gharbieh, Esquire
Virginia Bar No. 80838
Attorney for Defendant
Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
703-600-0865 (telephone)
703-600-0880 (facsimile)
Gul_Gharbieh@fd.org (email)


_____/s/_____
Whitney E. Minter
Virginia Bar No. 47193
Attorney for Defendant
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
Whitney_Minter@fd.org (email)

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2011, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Kimberly Pedersen, Esquire
      Office of the United States Attorney
      2100 Jamieson Avenue
      Alexandria, Virginia 22314

      Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

      /s/
      Gul Raza Gharbieh, Esquire
      Virginia Bar No. 80838
      Attorney for Defendant
      Office of the Federal Public Defender
      Eastern District of Virginia
      1650 King Street, Suite 500
      Alexandria, VA 22314
      703-600-0865 (telephone)
      703-600-0880 (facsimile)
      Gul_Gharbieh@fd.org (email)